## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV13-00067 JAK (DTBx) | Date | March 21, 2013 |
| Title | Wedgewood Community Fund II, LLC v. Francisco Rosas, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION JS-6

On November 14, 2012, Wedgewood Community Fund II, LLC ("Plaintiff") brought an unlawful detainer action (the "UD Action") in the San Bernardino County Superior Court in which Francisco Rosas was named as defendant ("Defendant"). Plaintiff alleged that Defendant had failed to comply with a 3-day "notice to quit," *i.e.*, vacate residential property, that Plaintiff served after it allegedly purchased the property at a foreclosure sale. Compl. ¶¶ 4-13, Notice of Removal, Exh. 3, Dkt. 1. On January 9, 2013, Defendant removed the action to this Court. Notice of Removal, Dkt. 1. Defendant, who is self-represented, apparently contends that this Court had subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) because of alleged violations of federal law. Defendant also appears to contend that there is jurisdiction under 28 U.S.C. § 1443(1) because of alleged state court bias in not allowing Defendant as a self-represented litigant to bring his federal claims as part of the UD Action. Notice of Removal, Dkt. 1.

On January 24, 2013, Plaintiff filed an ex parte application seeking an order to remand the case to the Superior Court. Dkt. 5. The Court denied the ex parte application because there was no showing of an emergency. However, the Court issued an Order to Show Cause re Subject Matter Jurisdiction because the UD Action did not "arise under" federal law and Defendant had not shown that the two-part test for removal under 28 U.S.C. § 1443(1) had been met. Dkt. 13. The Court directed each of the parties to address these issues in separate memoranda not to exceed 5 pages. Defendant timely responded to the Court's Order to Show Cause, but failed to comply with the page limitation. Dkt. 14. Plaintiff did not respond.

In his response to the Court's Order to Show Cause, Defendant repeats the contentions made in his Notice of Removal. Thus, he argues that: (i) Plaintiff's action arises under federal law, because his mortgage was converted into a mortgage-backed security; and (ii) there are due process violations based on the summary nature of an unlawful detainer proceeding in the Superior Court. These contentions were addressed in the Court's Order to Show Cause; for the reasons stated in that Order, they do not provide a basis for subject matter jurisdiction.

Defendant also contends that there is jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-00067 JAK (DTBx) | Date | March 21, 2013 |
|---|---|---|---|
| Title | Wedgewood Community Fund II, LLC v. Francisco Rosas, et al. | | |

Defendant does not allege the citizenship of Plaintiff, but states that Defendant is domiciled in California. Plaintiff's complaint explicitly states that the amount in controversy is less than $10,000. Where a complaint filed in state court alleges an amount in controversy less than the $75,000 jurisdictional threshold, a removing defendant must establish with "legal certainty" that the amount in controversy exceeds $75,000. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Guglielmino v. McKee Food Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007). Here, Defendant argues that the amount in controversy is approximately $337,900 because that is the claimed value of the residential property that Plaintiff seeks to possess. Dkt. 14. However, "[t]he appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole." *Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641 GAF (CMx), 2012 WL 1193613, at *2 (C.D. Cal. 2012). For the foregoing reasons, Defendant has failed to establish either the diverse citizenship of the parties or a sufficient amount in controversy. Therefore, Defendant has not met its burden to establish jurisdiction under 28 U.S.C. § 1332.

Because this Court lacks jurisdiction over this matter, it is remanded to the Superior Court of California, County of San Bernardino at its Victorville Courthouse (Case No. UDVS1203274). The hearing set for March 25, 2013 is taken off calendar.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |